UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KARIN F.,

            Plaintiff,

v.                                                                                          5:21-CV-0225
                                                                                            (ML)
COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.

_____

APPEARANCES:                                                       OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC              JUSTIN M. GOLDSTEIN, ESQ.
   Counsel for the Plaintiff
6000 North Bailey Avenue - Suite 1A
Amherst, New Yor 14226

SOCIAL SECURITY ADMINISTRATION                   TIMOTHY SEAN BOLEN, ESQ.
   Counsel for the Defendant                               Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

# ORDER

       Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

argument was heard in connection with those motions on August 9, 2022, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)	Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is DENIED.

2)	Defendant's motion for judgment on the pleadings (Dkt. No. 13) is GRANTED.

3)	The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)	Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)	The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: August 11, 2022
	Binghamton, New York

	Miroslav Lovric
	United States Magistrate Judge
	Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
F

vs.                                  5:21-CV-0225

COMMISSIONER OF SOCIAL SECURITY




_____




                    DECISION AND ORDER


                      August 9, 2022


            The HONORABLE MIROSLAV LOVRIC,

               DISTRICT MAGISTRATE JUDGE




                  A P P E A R A N C E S


For Plaintiff:      JUSTIN GOLDSTEIN, ESQ.


For Defendant:      TIMOTHY BOLEN, ESQ.


                Ruth I. Lynch, RPR, RMR, NYSRCR
                Official United States Court Reporter
                   Binghamton, New York  13901
```

1           THE COURT: All right. Well, the Court's going to
2    begin with rendering its decision by stating the following.
3           First, I begin by indicating that the plaintiff
4    has commenced this proceeding pursuant to Title 41 U.S. Code
5    Sections 405(g) and 1383(c) to challenge the adverse
6    determination by the Commissioner of Social Security finding
7    that she was not disabled at the relevant times and
8    therefore ineligible for the benefits that she sought.
9           By way of background, the Court sets forth the
10   following:
11          Plaintiff was born in 1983. She is currently
12   approximately 39 years of age. She was approximately 35
13   years old at the alleged amended onset date of her
14   disability on April 5th, 2018. Plaintiff lives in a
15   two-story house with her boyfriend, her two minor children,
16   and one minor child of her boyfriend. Plaintiff also has an
17   adult son who does not live with her.
18          Plaintiff is approximately 5 feet zero inches in
19   height and weighs approximately 199 pounds.
20          Plaintiff has completed the tenth grade and can
21   communicate in English. She has a CDL license.
22          Plaintiff has past -- past work history as a
23   driver of a bus to pick up Medicaid patients and as a
24   customer service representative/telemarketer.
25          Procedurally the Court sets forth the following as

it concerns this case.  Plaintiff applied for Title II benefits on January 21, 2019 and Title XVI benefits on January 22nd, 2019, alleging an initial onset date for both -- for both of those as being June 23rd, 2017.

Administrative Law Judge Robyn L. Hoffman conducted a hearing on February 21, 2020 and a supplemental hearing on August 14, 2020 to address plaintiff's application for benefits.  At the hearing plaintiff amended her onset date to April 5th of 2018.

ALJ Hoffman issued an unfavorable decision on September 14 of 2020.  That became the final determination of the Agency on January 6 of 2021, when the Social Security Administration Appeals Council denied plaintiff's application for review.

This action was commenced on February 26th of 2021, and it is timely.

In her decision, ALJ Hoffman applied the familiar five-step test for determining disability.

At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since April 5 of 2018.  That being the amended alleged onset date.

At step two, the ALJ concluded that plaintiff suffers from severe impairments that impose more than minimal limitations on her ability to perform basic work activities.  Specifically the ALJ noted the severe

1   impairments as a cervical spine impairment, status post
2   fusion; Chiari malformation, status post decompression
3   surgery; headaches; and a mental impairment variously
4   characterized as general anxiety disorder, major depressive
5   disorder, PTSD, panic disorder, bipolar disorder, borderline
6   personality disorder, and also a history of attention
7   deficit hyperactive disorder.
8          At step three, ALJ Hoffman concluded that
9   plaintiff's conditions do not meet or medically equal any of
10  the listed presumptively disabling conditions set forth in
11  the Commissioner's regulations, and the ALJ focused on the
12  following listings:  Listing at 1.04, dealing with
13  musculoskeletal disorder; listing 11.02, dealing with
14  epilepsy; listing 11.17, dealing with neurodegenerative
15  disorders of the central nervous system such as Huntington's
16  disease, Friedreich's ataxia, and spinocerebellar
17  degeneration; listing 12.04, dealing with depressive,
18  bipolar, and related disorder; listing at 12.06, dealing
19  with anxiety and obsessive compulsive disorder; and, lastly,
20  the listing at 12.15, dealing with trauma and stressor
21  related disorders.
22         Next the ALJ -- next, the ALJ determined that
23  plaintiff retains the residual functional capacity to
24  perform less than the full range of light work because while
25  she can occasionally lift and carry 20 pounds, frequently

1  lift and carry 10 pounds, sit for up to 6 hours and stand or
2  walk for 6 hours in an 8-hour day with normal breaks, she
3  should avoid working at unprotected heights, climbing
4  ladders, ropes, or scaffolds, and working in close proximity
5  to dangerous machinery or moving mechanical parts of
6  equipment.
7          The ALJ also determined plaintiff can occasionally
8  climb ramps or stairs; that she can perform occasional
9  balancing on uneven terrain but is not limited in the
10 ability to maintain balance on even terrain.
11         The ALJ also determined plaintiff can perform
12 occasional stooping, kneeling, crouching, and crawling.  She
13 can occasionally reach overhead with her bilateral arms.
14         The ALJ also determined plaintiff retains the
15 ability to understand and follow simple instructions and
16 directions in regard to one- or two-step tasks, to perform
17 simple one- or two-step tasks with supervision and
18 independently, and maintain attention/concentration for
19 simple one- or two-step tasks.
20         The ALJ also determined plaintiff can regularly
21 attend to a routine and maintain a schedule as well as
22 handle simple repetitive work-related stress in that the
23 claimant can make occasional decisions directly related to
24 the performance of simple tasks in a position with
25 consistent job duties that does not require the claimant to

supervise or manage the work of others. She should avoid work requiring more complex interaction or joint effort to achieve work goals.

The ALJ noted that plaintiff can tolerate incidental contact with the public. The ALJ defined incidental as more than never and less than occasional. And simply, the job should not involve direct interaction with the public but that she does not need to be isolated away from the public.

At step four, the ALJ concluded that plaintiff could not perform her past relevant work as a shuttle van driver or customer service representative/telemarketer.

At step five, the ALJ concluded that considering plaintiff's age, education, work experience, and residual functional capacity that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. More specifically, the ALJ concluded that based on the testimony of the vocational expert, plaintiff can perform the requirements of representative occupations such as routing clerk, a small products assembler, and an office helper. As a result, the ALJ concluded that plaintiff had not been under a disability from April 5, 2018 through the date of her decision.

Now, as the parties know, the Court's functional role in this case is limited and extremely deferential. I

1  must determine whether correct legal principles were applied
2  and whether the determination is supported by substantial
3  evidence, defined as such relevant evidence as a reasonable
4  mind would find sufficient to support a conclusion.  As the
5  Second Circuit noted in the case of Brault V. Social
6  Security Administration Commissioner, found at 683 F.3rd
7  443, a 2012 case, the Second Circuit noted therein that this
8  standard is demanding, more so than the clearly erroneous
9  standard.  The Court, Second Circuit Court, that is, noted
10 in Brault that once there is a finding of fact, that fact
11 can be rejected only if a reasonable fact-finder would have
12 to conclude otherwise.
13         Now, in this case plaintiff raises one contention.
14 Plaintiff argues that the ALJ erred in failing to identify
15 substantial evidence supporting the RFC determination
16 related to plaintiff's, one, ability to reach occasionally
17 overhead; two, ability to regulate her emotions and contact
18 limitations; and, three, relating to migraines and
19 headaches.
20         As for this Court's reasoning and analysis, I
21 state the following.  For the reasons stated in defendant's
22 brief, I find that substantial evidence supports the ALJ's
23 RFC finding.  And I set forth the following:
24         First, the ALJ appropriately limited --
25 appropriately limited plaintiff to occasional overhead

1   reaching.  The ALJ found, and the Court agrees, although
2   consultative examiner Dr. Lorensen opined that plaintiff had
3   moderate to marked limitations for lifting and reaching,
4   that restriction was caused by a hard cervical collar that
5   plaintiff wore temporarily during the consultative exam.  As
6   the ALJ explained, in the weeks following Dr. Lorensen's
7   exam, plaintiff's medical provider directed that she no
8   longer needed to wear the cervical collar, thus any limits
9   stemming from the cervical collar are not persuasive.
10           Further, the ALJ cited the opinions of Dr. Uppal
11  and Dr. Periakaruppan, who determined that plaintiff did not
12  have manipulative limitations, and thus, inherently opined
13  no reaching limitations.
14           Moreover, the objective findings were largely
15  normal including X-rays of plaintiff's shoulders that showed
16  well-preserved joint spaces and no evidence of arthritis,
17  osteophytes, sclerosis, or narrowing.  Although plaintiff
18  did complain of shoulder pain in the future, those
19  complaints were followed by exams that reflected full range
20  of motion and intact strength.
21           The ALJ also appropriately noted plaintiff's daily
22  activities also included the ability to independently dress,
23  bathe, groom, cook, do general cleaning, do laundry, to go
24  shopping, to drive, and each of which involve reaching.
25           Secondly, the Court notes that plaintiff has not

shown that the social limitations contained in the RFC are inconsistent with or less restrictive than the opinions of Dr. Fassler and Dr. Kamin.

Third, the Court notes the ALJ properly rejected Dr. Shapiro's opinions that, one, plaintiff has moderate-marked limitations interacting adequately with supervisors, coworkers, and the public; and, two, moderate-marked limitations regulating emotions, controlling behavior, and maintaining well-being. Dr. Shapiro's own findings included observations that plaintiff was cooperative, had adequate social skills, her thoughts were coherent and goal directed, she had a full range affect that was congruent with her thoughts and speech, she appeared relaxed and comfortable, and she reported feeling pretty decent. In addition, Dr. Fassler and Dr. Kamin assessed no more than moderate limitations in getting along with coworkers or peers without exhibiting behavioral extremes. Further, plaintiff's daily activities, which included shopping at stores and attending her daughter's track meets held at her school, included some social interaction and were thus inconsistent with Dr. Shapiro's proposed moderate-marked social limitations. Dr. Shapiro's opinion, and the opinions of Dr. Fassler and Kamin, that plaintiff has moderate limitations sustaining an ordinary routine and regular attendance does not mean that plaintiff cannot

1  perform full-time work.  Moderate limitations do not
2  preclude plaintiff's ability to perform unskilled work.
3  Finally, the moderate social limitations opined by
4  Dr. Fassler and Kamin were adequately reflected in the RFC.
5          Fourth, the Court notes the ALJ properly accounted
6  for plaintiff's migraines by adopting work conditions
7  recommended by doctors who expressly considered the
8  condition.
9          Dr. Uppal and Dr. Periakaruppan found
10 Plaintiff's migraine condition a severity impairment and
11 opined that she should be limited to occasionally performing
12 activities that require postural adjustments, like
13 balancing, stooping, and crouching, and should never climb
14 ladders or have concentrated exposure to hazards like
15 heights or machinery.  The RFC properly included limitations
16 related to postural adjustments and exposure to hazards.
17 The record does not reflect a worsening of plaintiff's
18 condition since -- since those doctors provided their
19 findings.
20         Based on this and as a result of the Court's
21 analysis, plaintiff's motion for judgment on the pleadings
22 is denied.  Defendant's motion for judgment on the pleadings
23 is granted.  Plaintiff's complaint is dismissed.  And the
24 Commissioner's decision denying plaintiff benefits is
25 affirmed.

1           That constitutes the decision and the reasons for
2    my decision by the Court.
3                       - - - - -
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25